UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

EMILY GRAVES

    **Plaintiff**,

vs.

DIANE LAGASSE

    **Defendant**.

## COMPLAINT WITH JURY DEMAND

Plaintiff, Emily Graves, for her complaint against Defendant Diane Lagasse, states and alleges as follows:

### VENUE AND JURISDICTION

1. Plaintiff Emily Graves is Colorado citizen, residing in Eagle County.

2. Defendant Diane Lagasse is a Florida citizen, residing in Sarasota County.

3. Plaintiff seeks to recover damages for personal injuries and other associated damages, exceeding the sum of $75,000.00.

4. The acts and omissions alleged herein occurred at the Vail Ski Resort ("Vail") located in Eagle County, Colorado.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)

### GENERAL ALLEGATIONS

6. Plaintiff and defendant were skiing at Vail on February 24, 2015.

7. Defendant was uphill from plaintiff when defendant entered the trail on which plaintiff was skiing.

8. Defendant collided with plaintiff.

## INJURIES AND DAMAGES

9. Plaintiff was taken from the collision scene to Vail Valley Medical Center where she was admitted due to severe injuries she suffered in the collision.

10. Plaintiff has required extensive in-patient hospital care, surgery, and rehabilitation.

11. Plaintiff has suffered permanent injury to her health, strength and activity, and has sustained permanent injuries to her body including, but not limited to, the following:

   a. Compression fracture of the spine at T3;

   b. Right tibial plateau fracture;

   c. Compartment syndrome, right knee;

   d. Left distal femur fracture;

   e. Right fibula fracture;

   f. Right distal radius fracture;

   g. Right carpal tunnel/median nerve injury; and

   h. Left third finger fracture;

12. Plaintiff has experienced in the past and will experience in the future extreme mental anguish and emotional upset as a result of the collision, her injuries, and the consequences thereof.

13. Plaintiff has experienced extreme and excruciating physical pain, suffering and disfigurement relative to the injuries and medical procedures she has endured.

14. Plaintiff has incurred substantial medical expenses to date and will incur substantial medical expenses in the future.

15. Plaintiff has suffered extensive and permanent physical disabilities, permanent impairment and disfigurement as a result of the injuries she received in the collision.

16. Plaintiff further suffered mental and emotional trauma and is suffering post-collision conscious pain and suffering.

17. Plaintiff has been and will be unable to work and will sustain substantial lost wages.

## FIRST CLAIM FOR RELIEF
### (Negligence)

18. Plaintiff repeats and realleges the allegations in paragraphs 1-17 as if fully set forth herein.

19. Defendant had a duty to use that degree of care that an ordinarily careful and prudent skier would use under the same or similar circumstances.

20. Defendant breached her duty of due care and was negligent in the following respects:

   a. Failed to maintain proper and appropriate control of course and speed;

   b. Failed to maintain proper and appropriate look-out;

   c. Entered trail without taking proper and appropriate precautions;

   d. Failed to avoid plaintiff who was below her on trail; and

   e. Collided with skier who had the right-of-way.

21. Plaintiff, as heretofore set forth, suffered damages as a direct a proximate result of said negligence resulting in the injuries and damages to plaintiff.

22. That as a direct and proximate result of the aforesaid negligence, plaintiff has incurred and continues to incur medical expenses, possible future medical expenses, past and future lost wages, and past and future loss of enjoyment of life.

## SECOND CLAIM FOR RELIEF

**(Violations of C.R.S. § 33-44-101, et seq.)**

23. Plaintiff repeats and realleges the allegations in paragraphs 1-17 as if fully set forth herein.

24. Defendant was a skier as defined by C.R.S. § 33-44-103( ), and had a duty to abide by the duties of skiers set forth in C.R.S. § 33-44-109, including:

> a.  Each skier has the duty to maintain control of his speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and objects. However, the primary duty shall be on the person skiing downhill to avoid collision with any person or object below them. C.R.S. § 33-44-109(2).
>
> b.  Each skier has the duty to heed all posted information and other warnings and to refrain from acting in a manner which may cause or contribute to the injury of the skier or others. C.R.S. § 33-44-109(5).
>
> c.  Before beginning to ski from a stationary position or before entering a ski slope or trail from the side, the skier shall have the duty of avoiding moving skiers already on the ski slope or trail. C.R.S. § 33-44-109(8).

25. Defendant violated her duties as a skier and by operation of C.R.S. § 33-44-104(1) those violations constitute negligence on her part.

26. Plaintiff, as heretofore set forth, suffered damages as a direct and proximate result of said negligence resulting in the injuries and damages to plaintiff.

27. That as a direct and proximate result of the aforesaid negligence plaintiff has incurred and continues to incur medical expenses, possible future medical expenses, past and future lost wages, and past and future loss of enjoyment of life.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

a. For compensatory damages such as are fair and reasonable for the injuries to plaintiff;

b. For plaintiff's costs herein expended;

c. For pre-judgment interest at the statutory rate; and

d. For such other and further relief as this Court deems just and proper.

Plaintiff demands a trial by Jury.

Respectfully submitted this 19th day of January, 2017.

                              THE RIETZ LAW FIRM, L.L.C.

By:   */s/ Brian A. Birenbach*
       Brian A. Birenbach
       P.O. Box 5268
       114 Village Place, Suite 301
       Dillon, Colorado 80435
       Telephone No.: (970) 468-0210
       Facsimile No.: (970) 468-0371
       Email: brian@rietzlawfirm.com

       COUNSEL FOR PLAINTIFF

<u>Defendant Diane Lagasse's Address:</u>
7210 Hawkins Rd.
Sarasota, FL 34241-9373